**UNITED STATES of America,**
**Appellant,**

v.

**Ernest J. CALES, Jr., Appellee.**

**No. 73–2931.**

United States Court of Appeals,
Ninth Circuit.

Feb. 25, 1974.

William C. Smitherman, U. S. Atty., Ronald A. Lebowitz, Asst. U. S. Atty., Phoenix, Ariz., Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., Meyer T. Rothwacks, John P. Burke, Charles E. Brookhart, Appellate Section, Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellant.

A. Jerry Busby, of Debus, Busby & Green, Ltd., Phoenix, Ariz., for appellee.

Before MERRILL, GOODWIN and WALLACE, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

The government appeals the suppression of evidence in a prosecution for income-tax evasion. Because the trial court held the government to a reasonable-doubt standard rather than a preponderance-of-the-evidence standard on the motion to suppress, we remand the case for another hearing using the correct burden of proof.

Based upon leads discovered, in part, from an illegal wiretap, an investigation was made and, in due course, Cales was charged with income-tax evasion for the years 1970 and 1971. Cales' motion to suppress contended that information obtained from the illegal wiretap triggered an investigation that had been dormant. Relying upon United States v. Schipani, 289 F.Supp. 43, 62 (E.D.N.Y.1968), aff'd, 414 F.2d 1262 (2d Cir. 1969), cert. denied, 397 U.S. 922, 90 S.Ct. 902, 25 L. Ed.2d 102 (1970), the district court suppressed all evidence obtained by the Internal Revenue Service concerning the years 1970 and 1971.

The government asserts that the district court committed two errors in ruling upon the motion to suppress: (1) The court suppressed all the evidence collected subsequent to the receipt of the illegally obtained information, even though most of the evidence was allegedly developed from independent sources. (2) The court held that the government must prove beyond a reasonable doubt, rather than merely by the preponderance of the evidence, that the wiretap information was not used in the development of the government's case.

Evidence need not be suppressed merely because it would not have come to light but for the illegal wiretap. The district court must seek to discover what kind of direction and impetus the illegal wiretap gave to the Cales investigation:

did anything seized illegally, or any leads gained from that illegal activity, tend significantly to direct the investigation toward the specific evidence sought to be suppressed? Under this test the government should have the opportunity to establish that, even though the information in the wiretap may have been a factor in the decision to "target" Cales, the evidence which it intends to use at trial was obtained from sources sufficiently independent of the wiretap. *See* United States v. Brandon, 467 F.2d 1008 (9th Cir. 1972); United States v. Bacall, 443 F.2d 1050 (9th Cir.), cert. denied, 404 U.S. 1004, 92 S.Ct. 565, 30 L.Ed.2d 557 (1971). *See also* Carpenter v. United States, 463 F.2d 397, 400 (10th Cir.), cert. denied, 409 U.S. 985, 93 S.Ct. 337, 34 L.Ed.2d 251 (1972); United States v. Cole, 463 F.2d 163, 171–174 (2d Cir.), cert. denied, 409 U.S. 942, 93 S.Ct. 238, 34 L.Ed.2d 193 (1972); United States v. Jones, 457 F.2d 697, 699 (5th Cir. 1972); United States v. Kennedy, 457 F.2d 63 (10th Cir.), cert. denied, 409 U.S. 864, 93 S.Ct. 157, 34 L.Ed.2d 112 (1972); United States v. Fike, 449 F.2d 191, 193 (5th Cir. 1971); United States v. Friedland, 441 F.2d 855 (2d Cir.), cert. denied, 404 U.S. 867, 914, 92 S.Ct. 143, 30 L.Ed.2d 111 (1971).

We are far from certain that the government did not actually have such an opportunity. Although the portion of the *Schipani* opinion quoted by the district court [1] suggests that the court excluded all subsequently obtained evidence without making allowance for the possibility of an independent source, other parts of the record indicate that the government had ample opportunity to establish that the evidence which it sought to introduce arose from sources independent of the wiretap. For this reason, we are reluctant to conclude that the government did not have its day in court.

■ However, we agree with the government that the trial court did impose an erroneously high standard on the government's burden of proof. The court held that the government must prove beyond a reasonable doubt that the wiretap evidence was not used in any way in the development of the government's case. The proper test, as Cales concedes, is proof by the preponderance of the evidence. *See* United States v. Cole, 463 F.2d at 172. *Cf.* Lego v. Twomey, 404 U.S. 477, 487–489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); United States v. Watson, 469 F.2d 362, 364 (5th Cir. 1972); United States v. Fernandez, 456 F.2d 638, 640 (2d Cir. 1972).

Cales contends that the trial court's error was harmless because the government introduced no evidence at all of an independent source and, hence, could not have met either standard. We do not agree. The record contains some evidence of information entirely independent of the wiretap. Particularly in view of the possibility that the district court may have applied a test inconsistent with that mandated by *Bacall* and *Brandon*, we refuse to say that the trial court's imposition upon the government of the wrong burden of proof was harmless.

The order of the district court is reversed and the case remanded to determine whether the government has proven by the preponderance of the evidence that the evidence intended for use at trial was obtained from sources independent of the illegal wiretap.

Remanded.

1. "If illegally secured information leads the government to substantially intensify an investigation, all evidence subsequently uncovered has automatically 'been come at by exploitation of that illegality.' * * *" United States v. Schipani, 289 F.Supp. at 62.