**In re Lionel MINTZER, Appellant.**

**No. 75–1009.**

United States Court of Appeals, First Circuit.

Submitted Jan. 23, 1975.

Decided Jan. 29, 1975.

Joseph J. Balliro and Henry D. Katz, Boston, Mass., on brief, for appellant.

James N. Gabriel, U. S. Atty., Gerald E. McDowell and Jeffrey M. Johnson, Sp. Attys., U. S. Dept. of Justice, on brief, for appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The appellant is a recalcitrant witness who, though granted "use immunity", refused to testify when called before the grand jury on the ground that the questions to be propounded were the product of an unlawful wiretap. The district court examined the wiretap that the government asserted was the sole basis for the questions, E.B.D. 71–98, and found it to be lawful. We upheld the district court procedure and ruling that the appellant was in contempt under 28 U.S.C. § 1826(a). In re Mintzer, 511 F.2d 471 (1 Cir. 1974). In that appeal appellant raised for the first time the claim that the wiretap was authorized on the basis of another tap previously determined to be unlawful, E.B.D. 70–112. We found this claim inadequately preserved but did not foreclose the possibility of further redress in the district court on that issue.

Seeking to vacate the judgment of contempt, the appellant did pursue the matter in the district court. In examining the claim, the district court limited its investigation to those documents specified in In re Lochiatto, 497 F.2d 803 (1st Cir. 1974). Finding that the affida-

vit in support of E.B.D. 71–98, which alone informed the questions to be posed, revealed that E.B.D. 70–112 was only tangential and that probable cause existed independent of the evidence expressly related to E.B.D. 70–112, the district court refused to vacate its finding of contempt.

The appellant's present argument is the now familiar one: that the district court did not have enough evidence before it to legitimate its conclusion and that a more thorough evidentiary hearing was required to determine that there was in fact independent, untainted evidence to support the authorization. To support this claim the appellant cites cases applicable in non-grand jury contexts, United States v. Cales, 493 F.2d 1215 (9th Cir. 1974); United States v. Magaddino, 496 F.2d 455 (2d Cir. 1974). We reiterate the position that we enunciated in *Lochiatto, supra.* The grand jury context is unique, the policy of expedition is strong and the potential liability of the immunized witness clearly distinguishable from that of a defendant or from the rights of a plaintiff under 18 U.S.C. § 2520. The district court properly limited its inquiry and reached a conclusion that was supported by the evidence before it.

Affirmed.