**UNITED STATES of America, Appellee,**

v.

**Ellen GRUSSE and Marie Theresa Turgeon, Appellants.**

**No. 857, Docket 75–2029.**

United States Court of Appeals, Second Circuit.

Argued Feb. 27, 1975.

Decided Feb. 27, 1975.

Stay denied by United States Supreme Court March 5, 1975.

Kristin Booth Glen, New York City, and Michael Avery, New Haven, Conn. (David N. Rosen, New Haven, Conn., on the brief), for appellants.

William F. Dow, III, Asst. U. S. Atty., New Haven, Conn. (Peter C. Dorsey, U. S. Atty., New Haven, Conn., on the brief), for appellee.

Before LUMBARD, OAKES and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

Ellen Grusse and Marie Theresa Turgeon appeal from orders entered February 19, 1975 in the District of Connecticut, Jon O. Newman, District Judge, adjudicating them in civil contempt, pursuant to 28 U.S.C. § 1826(a) (1970), for refusing to answer questions before a federal grand jury after having been

granted use immunity pursuant to 18 U.S.C. §§ 6002–03 (1970). They were remanded to the custody of the United States Marshal until they purge themselves of their contempt, but in no event is their custody pursuant to the instant contempt orders to extend beyond the term of the present grand jury which expires April 1, 1975. On this expedited appeal, we affirm.

The grand jury is investigating possible violations of federal laws in the District of Connecticut by individuals who may have assisted two fugitives who are charged in an indictment in the District of Massachusetts with participation in a bank robbery in which a police officer was shot and killed.

Appellants were first called as witnesses before the grand jury on January 28, 1975. During the period of one month from that date until today, February 27, appellants have been represented continuously by counsel. The sequence of proceedings in the district court is a matter of record as set forth in Judge Newman's opinion upon which we affirm.

The case first was brought to the attention of our Court on February 20 when appellants filed a motion for a stay of the district court orders or for bail pending appeal. The stay which had been granted by the district court was continued by another panel of our Court until February 26. Appellants' motion for a stay or bail was heard by the present panel (Judges Lumbard, Oakes and Timbers) on February 25. We continued the stay until we could hear the appeal on the merits. We expedited the appeal and heard it today. We have carefully considered the briefs, the record and the able arguments of counsel on both sides.

We affirm the orders of the district court essentially on three grounds: the statute, 28 U.S.C. § 1826 (1970); our recent decision in United States v. Persico, 491 F.2d 1156 (2 Cir.), cert. denied, 419 U.S. 924 (1974); and the excellent district court opinion of Judge Newman herein dated February 19, 1975.

First, the starting point necessarily must be the strong public policy reflected in the statute itself. We noted the legislative history in our recent opinion in *Persico, supra,* 491 F.2d at 1161, and particularly the "Congressional concern over disruption of smooth and efficient operation of the grand jury system". *Id.*

Second, our decision in *Persico* is controlling on the fundamental issue here involved. While there is a factual variation between *Persico* and the instant case, in our view the present case is an even more compelling one for adhering to the strong public policy of this Circuit of not permitting disruption of grand jury proceedings absent compelling reasons. We find no such compelling reasons here. See United States v. Calandra, 414 U.S. 338 (1974); Gelbard v. United States, 408 U.S. 41, 70 (1972) (concurring opinion of Mr. Justice White).

Third, the excellent opinion below of Judge Newman is a striking example of the balancing by a conscientious and comprehending district judge of the interests of appellants as witnesses before the grand jury, on the one hand, and, on the other, of the public interest. We hold that the district court's findings are unassailable and we agree with the district court's conclusions.

We affirm the contempt orders of the district court on the opinion of Judge Newman (D.Conn.1975), and we vacate the stay of those orders heretofore entered by this Court.

Affirmed.

LUMBARD, Circuit Judge (concurring):

I concur.

The only real issue I see here is the sufficiency of the government's denial that it directly or indirectly relied on electronic surveillance in formulating the questions asked of appellants before the grand jury. That denial consisted of two parts—the affidavit submitted to the district court and the testimony of the assistant United States attorney be-

fore that court. While the affidavit itself was probably insufficient under the standards we set down in United States v. Toscanino, 500 F.2d 267, 281 (2 Cir., 1974), because it failed to list the government agencies that had been checked, that insufficiency was cured when the assistant testified before Judge Newman that he had checked with the FBI agent in charge of the investigation in this case.

It must be remembered that any electronic surveillance by the government is relevant only if it is somehow used in formulating questions that the grand jury intends to ask. Thus, surveillance conducted by the government, the results of which were not known to the agents investigating this case, would not be relevant. In light of these considerations I think that Judge Newman was correct in finding that the affidavit was sufficient. I think that the assistant United States attorney handling a case and the FBI agent in charge of the investigation of a case are the two people most likely to know if the fruits of any electronic surveillance were used to gain information on which the grand jury would base its questions.[1] Thus, I think that the denial was sufficient.[2]

Section 3504 must be construed so that investigations by the government conducted through grand juries may be conducted with appropriate speed, while at the same time adequately protecting the rights of witnesses. To interpret the section as urged by appellants would unduly impede and delay the grand jury's investigation as it would allow a witness to thwart the operation of the grand jury by requiring that its proceedings cease while a district court undertakes an extensive investigation of the government investigators who are investigating the witness. I cannot believe that the Congress intended that section 3504 be given such an interpretation. I think that Judge Newman correctly balanced the competing interests involved here. See, e. g., In re Mintzer, No. 74–1388, 511 F.2d 471 (1st Cir. 1974). See generally United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).

Thus, I concur in Judge Timbers' opinion.

OAKES, Circuit Judge (dissenting):

I dissent.

Appellants' affidavits were sufficient to "trigger" 18 U.S.C. § 3504, thereby requiring the prosecutor specifically to check appropriate agencies, United States v. Toscanino, 500 F.2d 267, 281 (2d Cir. 1974), and to be able to inform the court specifically of the results of his search. Here the search to uncover electronic surveillance was inadequate. See United States v. Aloi, 511 F.2d 585 (2d Cir. 1975); Beverly v. United States, 468 F.2d 732 (5th Cir. 1972).

The inadequacy of the Government search is underscored when viewed against the substantial efforts necessarily exerted in obtaining the adjudication of contempt here. The witnesses were first called before the Grand Jury on January 28, 1975; after the granting of immunity, they were recalled on February 13. It was not until February 19, 1975 that the appellants were finally held in contempt. In the light of the three weeks during which this matter was pending the United States Attorney's Office certainly could have commu-

---

1. While it might be a salutary practice for the government to make further inquiries than it did here, if only to preclude the attack made here, I do not think that the law requires such further inquiries. In re Mintzer, No. 74–1388, at 472 n. 2, 511 F.2d 471 (1st Cir. 1974).

2. Appellants cite an example of a broader affidavit used in the Southern District and suggest it as an example to be followed. In addition to the FBI, that affidavit covered the Secret Service, Internal Revenue Service, Bureau of Alcohol, Tobacco and Firearms, Customs Service, Drug Enforcement Administration, and the Postal Service. I do not understand the connection between the appellants or their lawyers in this case and counterfeiting, threats on the President's life, unpaid taxes, bootlegging, firearms violations, smuggling, drug abuse or mail-related offenses.

---

nicated with the appropriate government agencies in order fully to safeguard the rights of these appellants. I am not talking about a time consuming adversarial investigation of government agencies which might hamper the work of the grand jury. I would require only an affidavit evidencing the fact that the prosecution was reasonably diligent in its search for possible illegal wiretaps.

The failure of the prosecutor to make at the very least a so-called "eight agency search"[1] for possible electronic surveillance may be a result of an uneasiness about what the search might uncover. Instances in this and other courts of denials by the government that any such surveillance took place, later replaced by retractions, emphasize the need for stricter safeguards in this area. United States v. Smilow, 472 F.2d 1193 (2d Cir. 1973); Cf. In re Tierney, 465 F.2d 806, 813 (5th Cir. 1972); United States v. Smith, 321 F.Supp. 424 (C.D.Cal.1971).

In re Persico, 491 F.2d 1156 (2d Cir. 1974), is inapplicable because there the Government had acknowledged the existence of electronic surveillance but had submitted three court orders under which the surveillance had been conducted. Thus, the appellant in Persico was asking the court to look behind the legality of court ordered surveillance in a civil contempt pursuant to 28 U.S.C. § 1826(a) and to suppress the fruits of the surveillance under 18 U.S.C. § 2518(10)(a), a statute which does not include grand juries. There the court orders had given Persico the protection of the judgment of a "neutral and detached magistrate." Cf. Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

Here, appellants had requested the Government to affirm or deny the existence of surveillance under 18 U.S.C. § 3504 which specifically includes grand juries. The insufficient search for electronic surveillance leaves open the possibility that surveillance had taken place, thus potentially depriving appellants of their rights under Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972), to challenge questions derived from illegal surveillance.

I would remand for a hearing at which the Government would have the opportunity to present a specific denial of electronic surveillance.

---

1. This would include the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, The Bureau of Alcohol, Tobacco & Firearms, The Customs Service, The Drug Enforcement Administration and the Postal Service.