**In re Marie T. TURGEON et al.**
**Civ. Nos. N–75–122—N–75–123.**

United States District Court,
D. Connecticut.

June 3 and 6, 1975.

William F. Dow III, Asst. U. S. Atty., New Haven, Conn., for petitioner.

David N. Rosen, Michael Avery, New Haven, Conn., Michael J. Graham, Hartford, Conn., Kristen B. Glenn, New York City, for respondents.

## RULING ON GOVERNMENT'S MOTION TO MODIFY

NEWMAN, District Judge,

The Government has moved for modification of this Court's Order of May 20, 1975, concerning steps to be taken to "affirm or deny" the existence of wiretapping in connection with this second contempt proceeding against three grand jury witnesses. 18 U.S.C. § 3504. The background of the controversy is set forth in the first contempt proceeding,

*United States v. Grusse,* 402 F.Supp. 1232 (D.Conn.), *aff'd,* 515 F.2d 157 (2d Cir. 1975).

Since the first contempt proceeding, the witnesses have detailed their allegations of wiretapping, supplying, in addition to instances of telephone malfunctioning, the premises from which they made telephone calls and the names of persons their attorneys called and premises from which their attorneys made calls in the course of representing them. The May 20 Order required the Government to search indices or other appropriate files to determine if the persons or premises listed by the witnesses had been the subject of wiretapping. The search is limited to indices or files of the Federal Bureau of Investigation, a scope determined to be adequate by the Court of Appeals in *Grusse.*

■ The Order in one respect requires a more precise response than the Government previously furnished in the first contempt proceeding, in that affidavits are required from the official or officials conducting the search.[1] During the course of a hearing held on May 12, 1975, it became apparent that the F.B.I. agent in charge of the investigation, who had denied that wiretapping occurred, did not know who had conducted the search of the files of the Connecticut office. His denial was simply a relay of the denial given him by his supervisor, who, presumably, was reporting the denial of the person making the search. Facts are set forth in an affidavit to provide assurance that the penalties of perjury will be available in the event the facts alleged turn out to be false. The

---

1. The operative portion of the Order provides as follows:

    1. The Government is requested to cause a search to be made of the indices or other appropriate files of the Federal Bureau of Investigation to determine whether any of the persons or premises listed in paragraph 2, *infra,* have been the subject of electronic surveillance during the periods indicated. The search shall be made of indices or other appropriate files of the National Office of the F.B.I. and of those local offices of the F.B.I. exercising investigating jurisdiction over areas that include the premises listed in paragraph 2, *infra.* The Government's response shall include affidavits from the official or officials conducting the search. The Government's response shall also include an affidavit from responsible officials of the F. B.I., who are in a position to know, indicating whether the results of any electronic surveillance of such persons or premises by national, state or local law enforcement agencies have been included in the files of the F.B.I.

denials previously submitted only provide assurance that the individuals furnishing the affidavits are unaware of wiretapping. Far greater assurance ought to be provided by sworn denials by those who have searched the appropriate indices or files.

■ The Government's motion to modify principally seeks to limit the number of people and premises as to whom a search must be made. Specifically, the motion challenges the need to search for wiretapping of any attorney other than the attorneys who have entered appearances for the witnesses. It may well be that in some circumstances a search thus limited is sufficient. See *United States v. Alter*, 482 F.2d 1016 (9th Cir. 1973). But such a search does not preclude the possibility of undetected wiretapping. The reason is simply that wiretapping can occur at either end of a telephone line. A denial of wiretapping of one attorney's phone does not preclude the possibility that his conversation was overheard during the course of a wiretap of the phone of another attorney with whom he conversed. Nor does a check of the name of the first attorney preclude the possibility that his call was overheard, for the call will not be indexed under his name unless sufficient identification of him was contained in the conversation. See *United States v. Smilow*, 472 F.2d 1193 (2d Cir. 1973). A check of the people with whom the attorneys allege they discussed this case provides considerably more assurance of the absence of wiretapping than a search limited to the attorneys themselves.

■ The Government also objects to making inquiry concerning several of the premises of the attorneys who represent the witnesses, especially Attorney Kristen Glen. This is a somewhat surprising protest, since the Government has previously filed an affidavit denying that there has been any wiretapping of "any premises known to have been leased, licensed, or maintained by her."

The May 20 Order simply lists those premises. If the prior check included these premises, then no additional checking is required. But it appears that until the addresses of premises were supplied by Glen, the Government was not aware of the location of her office and home premises, thus raising a question as to just what was intended by a denial of any wiretapping of her premises. In any event, the premises ought to be checked.

■ The Government also objects to the time period covered by the inquiry as to some of the attorneys. In particular, the motion suggests that inquiry as to Glen and those with whom she alleges she conversed ought to be limited to the period from February 20 through February 28. Her affidavit, however, alleges that while conversations occurred during that period, they also continued beyond that period. The Government is entitled to limit the starting point of its inquiry to February 20; this applies to Glen, Martin Stolar, Fred Cohn, Karen Koonan, Margaret Ratner, and Jesse Berman, and the premises previously listed for Kristen Glen, Jeffrey Glen, and Michael Ratner.

■ The inquiry required by the May 20 Order is broader than the inquiry deemed sufficient by the Court of Appeals in the first proceeding. It may be that this Court is erring on the side of caution in requesting any additional search. However, it should be observed that determination of the proper scope of the search involves a balancing of the competing interests of the witnesses in having the possibility of wiretapping substantially precluded, and the interests of the grand jury in the expeditious conduct of its business. See *United States v. Grusse, supra.* The first proceeding arose toward the end of the term of a grand jury, at a time when the grand jury's interest appeared high, and the witnesses' interest somewhat less fully developed than is the case now. Moreover, this proceeding arises before a new

grand jury with nearly its full term yet to run. Most significantly, while this grand jury was empaneled on March 20, 1975, the Government did not schedule the witnesses' appearances until May 6, 1975. That delay substantially undercuts the Government's claim to prompt determination of this proceeding, and correspondingly warrants a more careful inquiry into the possibility of wiretapping. Finally, it must be observed that once it appears that a search of an agency's wiretapping records is going to have to be made, it is hard to understand what legitimate interest is served by excluding from the list of names and premises to be searched any that have some legitimate connection to the parties or their attorneys. Though there has thus far been no detail supplied by the Government as to the mechanics of a search of files, in the absence of such detail, an assumption of a heavy burden is not warranted. Even if the files are not computerized, it is not too much to expect that they are arranged in alphabetical order. It is hard to understand why the task required in the May 20 Order could possibly entail more than one hour's work by a file clerk.

Except for the slight modification as to time set forth above, the motion to modify the May 20 Order is denied.

## MEMORANDUM OF DECISION

This is a proceeding pursuant to 28 U.S.C. § 1826 for an adjudication of contempt against three witnesses for refusing to answer questions before the Grand Jury. All three witnesses have been granted use immunity pursuant to 18 U.S.C. § 6003. Two of the witnesses, Turgeon and Grusse, were previously adjudicated in contempt for refusing to answer similar questions before the previous Grand Jury, whose term has now expired. *United States v. Grusse*, 402 F.Supp. 1232 (D.Conn.), *aff'd*, 515 F.2d 157 (2d Cir. 1975).

All three witnesses declined to testify on May 7, 1975. Successive hearings have been held on an order to show cause at which the witnesses have raised various claims, only two of which require any discussion. These concern an alleged abuse of the grand jury process and a claim that the questioning may be derived from unlawful wiretapping.

Preliminarily it should be noted that both of these claims were urged upon the Court of Appeals in the appeal from the prior adjudication of contempt by Turgeon and Grusse. The Court of Appeals affirmed this Court's determination that the questioning was proper and also ruled specifically that the Government's denial of wiretapping was sufficient. In this proceeding the Assistant United States Attorney has represented that the 19 questions asked of these witnesses in this proceeding are not based on any new information not available to him at the time of the prior questioning. Though the questions are somewhat more detailed, they do not on their face explore new avenues of inquiry. Since the Court of Appeals specifically approved an adjudication of contempt for refusal to answer the prior questions, that decision provides authoritative guidance for determination of the pending claims.

Despite the precedential effect of the Court of Appeals decision, this Court has undertaken to give further consideration to both of the witnesses' claims. Not surprisingly that further exploration has itself provoked further claims by the witnesses.

With respect to the claim of grand jury abuse, the Court elected to ask the Grand Jury directly whether or not its purpose in asking these witnesses the 19 questions was to investigate the possibility of federal law violations occurring in the District of Connecticut. While such a procedure is surely not required, and may well not be appropriate in most cases (and perhaps not even in this one), the Court did so because of the possibility that in investigations of this sort, a grand jury might misunderstand the

limits of its investigating authority. The Government has represented that it is investigating the crimes of accessory after the fact, harboring of fugitives, and misprision of felony, all relating to the armed robbery of a bank in Boston, in which a police officer was shot and killed. There is a potential duality of purpose involving proper inquiries as to possible law violations in this District and improper inquiries that might only serve to apprehend fugitives or prepare pending cases in other districts for trial. For this reason, the Court determined that it was appropriate to give the Grand Jury a detailed instruction as to the limits of its investigating authority. That was done in open court. Thereafter the Court submitted to the Grand Jury an interrogatory set forth in the margin.[1] After deliberation in privacy, the Grand Jury unanimously responded to the interrogatory in the affirmative, indicating that their purpose in asking the questions was proper.

■ The witnesses object to this procedure, primarily on the ground that the Assistant United States Attorney was permitted to enter the grand jury room following the Court's instructions, but prior to the Jury's deliberation upon the interrogatory. This was permitted because the Grand Jury is entitled to have the assistance of the Government's prosecuting attorney in detailing the evidence presently known that might justify further inquiry into possible law vio-

lations in this District. The Government has submitted under seal for the Court's *in camera* inspection an affidavit of the Assistant United States Attorney, which provides an entirely adequate demonstration of the legitimacy of the inquiry.

As to the claim of wiretapping, the witnesses endeavored to detail the claims that had been made in the prior proceeding and urged that the Government was under additional obligations to affirm or deny that wiretapping had occurred. 18 U.S.C. § 3504. Though it was not required (and perhaps not appropriate), this Court requested the Government to furnish additional information concerning the possibility of wiretapping of a large group of persons and premises listed in an Order entered May 20, 1975. See Ruling on Government's Motion to Modify, entered June 3, 1975, *supra.*

Today, June 6, the Government furnished a copy [2] of an affidavit of William A. Harwood, a Supervisor at the headquarters of the Federal Bureau of Investigation in Washington, D. C. That affidavit specifically denies that any of the conversations of the persons listed were monitored by the F. B. I. during the times specified in the May 20 Order, and also denied that the F. B. I. maintained any electronic surveillance on the premises listed in that Order. The affidavit, omitting the persons and premises, is set forth in the margin.[3]

1. *INTERROGATORY TO THE GRAND JURY*

With respect to the nineteen questions attached hereto as Exhibit A, which Assistant United States Attorney Dow asked of witnesses Marie Turgeon, Ellen Grusse, and Diana Perkins at a session of the Grand Jury on May 7, 1975, does the Grand Jury seek answers to these questions from these witnesses for the purpose of investigating possible violations of federal law that may have occurred in the District of Connecticut?

2. The submitted copy was transmitted by mechanical processing. The Government has represented that the signed original has been placed in the mails.

3. I, William A. Harwood, after having been duly sworn, do hereby depose and state the following:

I am a Special Agent of the Federal Bureau of Investigation and am currently assigned as a Supervisor at Federal Bureau of Investigation Headquarters in Washington, D. C.

I have made a careful and diligent search of the appropriate records of the Federal Bureau of Investigation and have determined that the following individuals, organizations, companies, and newspapers were never the targets of direct electronic surveillance coverage nor were any of their conversations ever monitored by the

The witnesses contend this further response is insufficient. They object to the fact that Harwood has based his affidavit on a search of the "appropriate records" of the F. B. I., whereas this Court's Order specified that the search should be made of the F. B. I.'s national office and those local offices exercising investigating jurisdiction over the areas that include the listed premises. The difference is not of consequence in this case because an affidavit was previously filed on May 8, 1975, by the F. B. I. agent in charge of the investigation in Connecticut denying wiretapping in connection with this investigation.

Objection is also made that whereas the Order requested the Government to disclose whether the results of electronic surveillance by other law enforcement agencies have been included in F. B. I. files, the Harwood affidavit merely states that no other agencies "instituted" electronic surveillance of the listed persons "pursuant to the suggestion or with the knowledge of" the F. B. I.

█ It is true that the Harwood affidavit does not absolutely foreclose all possibility of wiretapping in this matter. It is difficult to imagine how that ever could be done. Information resulting from a tap by another agency is not likely to be submitted to the F. B. I. under a caption reading "obtained by unlawful wiretapping." It is also true that any central filing system may not be absolutely complete, and local filing may of course omit whatever entries are deliberately withheld.

The Court is satisfied that the Government's response is more than sufficient compliance with § 3504 as construed in this Circuit. Whatever risk may remain that wiretapping may have somewhat been used in the preparation of the 19 questions is too remote to justify further interruption of the Grand Jury's inquiry.

Accordingly, the witnesses' claims are rejected and they are adjudicated in civil contempt and remanded to the custody of the United States Marshal for the balance of the term of the Grand Jury, unless they elect to purge their contempt by testifying, an option of course available to them at any time. The application for admission to bail pending appeal is denied, since the Court concludes that the appeal is frivolous and taken for delay within the meaning of 28 U.S. C. § 1826. The remand order is stayed until June 10 at noon, to permit the respondents to seek a further stay from the Court of Appeals.

Federal Bureau of Investigation for the below indicated periods of time :
[names omitted]
I have also determined from this review that the Federal Bureau of Investigation did not maintain any electronic surveillance on premises which were known to have been owned, leased, or licensed by any of the above individuals, organizations, companies, or newspapers, at either the addresses set forth in the May 20, 1975, court order of Judge Jon O. Newman or at any other address.

I have also determined from this review that with respect to the coverage by other agencies, it should be noted that no other Federal, state, or local agency instituted an electronic surveillance of the above individuals, organizations, companies, or newspapers pursuant to the suggestion of or with the knowledge of the Federal Bureau of Investigation.

/s/ William A. Harwood
WILLIAM A. HARWOOD
Special Agent Supervisor
Federal Bureau of Investigation