20910

The STATE, Respondent, v. Bernard BING, Appellant.

(253 S. E. (2d) 101)

*David I. Bruck,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Sol. James C. Anders,* and *Asst. Sol. Stephen G. Brown,* Columbia, *for respondent.*

March 13, 1979.

JOSEPH R. Moss, Acting Associate Justice:

Appellant Bing appeals from a conviction for contempt of court. We affirm.

Bing was stabbed by a fellow inmate at Kirkland Correctional Institution. At the inmate's trial, appellant refused to testify. The trial judge held him in contempt of court and sentenced him to six months, to run consecutively with his present sentence.

Initially, appellant asserts his Fifth Amendment rights were violated. This is without merit. The record indicates that appellant waived his Fifth Amendment privilege against self-incrimination, and refused to testify *solely* on the basis of his religious beliefs. The following colloquy between Bing and the trial judge clearly constituted a waiver by appellant of his Fifth Amendment rights, and he cannot now assert that those rights were violated:

"The Court: Religious beliefs? Oh, you are not—is it and am I correct that you are not invoking the Fifth Amendment? Are you invoking the Fifth Amendment or not?
"A. No, sir.

"The Court: You are not invoking the FifthAmendment? The only reason then that you refuse to answer the questions is because of your religious beliefs?
"A. Yes, sir." (Tr. p. 24).

Appellant next contends his right to freedom of religion was violated. Bing refused to testify against a fellow Moslem because of his adherence to Islamic tenets.

This is without merit. The fact that appellant possessed religious convictions which prevented him from testifying against a fellow Moslem does not relieve him from his political responsibilities. See 16 C. J. S., Constitutional Law, § 206(2); *Smilow v. United States,* 465 F. 2d 802 (2nd Cir. 1972), vacated on other grounds, 409 U. S. 944, 93 S. Ct. 268, 34 L. Ed. 2d 215, on remand, 472 F. 2d 1193.

The liberty secured by the First Amendment to the United States Constitution is not absolute. In the face of a "compelling state interest," one may be required to violate his own religious convictions. *Sherbert v. Verner,* 374 U. S. 398, 83 S. Ct. 1790, 10 L. Ed 2d 965 (1963). We believe the effective operation of a court of justice is a compelling state interest. See cases annotated under U. S. C. A., Constitution, Amendment 1, Freedom of Religion, n. 53.

The case of *In Re Williams,* 269 N. C. 68, 152 S. E. (2d) 317 (1967), involved the contempt conviction of a clergyman who refused to testify because of his religious beliefs. The North Carolina Supreme Court concluded no First Amendment violation had occurred, and stated:

"The 'compelling interest' of the state in the rendering of a just judgment in accordance with its law overrides the incidental infringement upon the religious belief of the witness that for him to testify is wrong." 152 S. E. (2d) at 327.

Accordingly, we hold that the trial judge did not err in finding appellant in contempt of court for his refusal to testify.

Finally, appellant contends his due process rights were violated because the trial court did not advise him of the possible punishment before holding him in contempt. While it is true that Bing was not specifically informed as to what his sentence might be, we conclude the

trial court's warnings sufficiently apprised appellant that he would be punished for contempt. (Tr. pages 23 and 29).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.