26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Charles BERRY, Defendant-Appellee.
 No. 93-30324.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 1
 Before: HUG, D.W. NELSON, and FERNANDEZ Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 The United States appeals the district court's order granting the motion to suppress Charles Berry's statement. The government contends that the district court erred by concluding that the statement was the fruit of a prior illegal search and arrest. We have jurisdiction under 18 U.S.C. Sec. 3731 and affirm.
 
 
 4
 We review de novo the suppression of evidence and for clear error the underlying factual findings. United States v. Foppe, 993 F.2d 1444, 1448 (9th Cir.), cert. denied, 114 S.Ct. 615 (1993).
 
 
 5
 * Background
 
 
 6
 On March 19, 1992, California Highway Patrol Officer Masson stopped Berry for speeding. Masson became suspicious and, armed with a tape recorder, asked for consent to search the car. Berry stated, "No, I wouldn't like that," but Masson thought Berry had replied, "No, I wouldn't mind that." Masson found cocaine in the trunk and arrested Berry. Because the tape recording of the questioning revealed that Berry had not consented to the search because Berry's account was accurate, no charges were pressed.
 
 
 7
 In January 1993, federal agents learned that a suspect in a narcotics investigation had made several telephone calls to Berry. A computer check revealed Berry's California arrest. The federal agents approached Berry in his front yard in Washington, first asking if he had ever been arrested. Berry stated that he had been stopped for traffic violations. The agents then asked Berry if he had ever been arrested for narcotics. Berry stated that he had been stopped in California in 1992 and that cocaine had been found in his car, but that further questions should be directed to his attorney.
 
 
 8
 In response to motions to suppress, the district court concluded that the California arrest was illegal because Berry had not consented to the search, even though the officer had acted in good faith. The government does not appeal that ruling. The district court also ruled that Berry's statement that he had been found in possession of cocaine in California was the fruit of the illegal search. Based on the testimony of the interviewing agents, the court found that the first question--have you ever been arrested--was a routine question, but that the second question--have you ever been arrested for narcotics--was not. The district court found that the agents asked the second question solely because they knew Berry had been arrested for possession in California. The district court concluded that Berry reasonably would expect the agents to know about the California arrest and would therefore be reluctant not to admit it when asked directly about arrests for narcotics. Accordingly, the district court found that the ten-month time lapse had not dissipated the taint because the agents exploited the illegality to obtain Berry's admission.
 
 II
 Fruit of the Poisonous Tree
 
 9
 The exclusionary rule bars the admission of statements obtained directly or indirectly from illegal police conduct. Wong Sun v. United States, 371 U.S. 471, 484 (1963); United States v. Ramirez-Sandoval, 872 F.2d 1392, 1395 (9th Cir.1989). To determine whether particular evidence is fruit of the illegality, "the inquiry is whether the police obtained the evidence 'by exploitation of the illegality,' " United States v. Shephard, No. 92-30204, slip op. at 3906 (9th Cir. Apr. 21, 1994) (quoting Wong Sun, 371 U.S. at 487-88), or whether the illegal activity tends "significantly to direct the investigation" towards the evidence sought to be suppressed, United States v. Chamberlin, 644 F.2d 1262, 1269 (9th Cir.1980), cert. denied, 453 U.S. 914 (1981). We consider the proximity of the illegality to the discovery of the evidence, whether independent intervening events led the police to the evidence, and the effect of suppression on the exclusionary's rule purpose of deterring police misconduct. Shephard, slip op. at 3906. The government must show that the evidence is admissible by the preponderance of the evidence. United States v. Cales, 493 F.2d 1215, 1216 (9th Cir.1974).
 
 
 10
 Here, ten months passed between the illegal search and arrest and the interview. Although the passage of time weighs against suppression, we have suppressed evidence acquired up to five months after illegal police conduct. See United States v. Kimball, 884 F.2d 1274, 1279 (9th Cir.1989) (affirming suppression of statements by a coconspirator made up to five months after government's misconduct toward defendant).
 
 
 11
 Second, no independent intervening events contributed to the agent's acquisition of Berry's statement. Although the agents may have interviewed Berry after discovering the telephone records, the propriety of the routine questions is not at issue. Rather, the agents elicited the admission that Berry had been found in possession of cocaine (the challenged evidence) "only because" they knew about his illegal arrest. See Shephard, slip op. at 3906 ("evidence 'must be excluded as an exploitation of an illegal arrest' whenever its discovery was 'brought about only because of the suspect's illegal detention' ") (quoting Chamberlin, 644 F.2d at 1268) (alterations omitted).
 
 
 12
 Finally, the purpose of the exclusionary rule favors suppression. The purpose of the follow-up question was to elicit an admission from Berry about his involvement with narcotics, knowledge of which had been obtained during an illegal search.
 
 
 13
 Accordingly, because the illegally obtained evidence (Berry's possession of cocaine) tended significantly to direct the investigation toward the challenged evidence (Berry's admission that he had possessed cocaine), suppression was appropriate. See, e.g., United States v. Johns, 891 F.2d 243, 245 (9th Cir.1989) (government failed to meet its burden to show taint had dissipated when illegal stop and search significantly directed the investigation by identifying the defendants which led to surveillance of associates and discovery of marijuana); Chamberlain, 644 F.2d at 1269 (observations of defendant's nervous demeanor during illegal detention added considerable impetus to the investigation and the officer's decision to take defendant to crime scene for identification).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3