USCA1 Opinion

 

 January 11, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-2338  IN RE: GRAND JURY. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Peter J. Stelzer on brief for appellant. ________________ Donald K. Stern, United States Attorney, and Jeffrey Auerhahn, ________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant grand jury witness appeals __________ the district court order holding him in contempt for refusing to answer questions before a grand jury. The witness/contemnor refused to answer on the ground that the question violated his rights under the fourth amendment.1 The government filed a petition for contempt and the witness/contemnor responded by filing a motion, pursuant to 18 U.S.C. 3504, seeking that the government "affirm or deny the existence of any and all electronic surveillance which may be used as a basis, direct or indirect, for any questions to be put to the witness." After hearing in camera __ ______ submissions from the special agent in charge of the investigation concerning the source of the questions directed to the witness, the court held the witness had no "just cause" for refusing to comply with the immunity order and held him in contempt. The witness/contemnor appeals this contempt order.2 We affirm. A grand jury witness who refuses to testify without "just cause" may be held in civil contempt. 18 U.S.C.  1826(a). However, a showing that the questions addressed to the witness were based on illegal electronic surveillance  ____________________ 1. This court has held that the rights of a grand jury witness to refuse to answer questions based on illegal surveillance "depend exclusively on [18 U.S.C. 3504]." In __ re Mintzer, 511 F.2d 471, 473 (1st Cir. 1974). __________ 2. This court granted the witness/contemnor's motion to be released pending disposition of this appeal. constitutes "just cause" for refusal to testify and precludes a finding of contempt. Gelbard v. United States, 408 U.S. 41 _______ _____________ (1972); In re Doe, 988 F.2d 211, 213 (1st Cir. 1992). ___________ "[U]pon a claim by a party aggrieved that evidence is inadmissible because it is [derived from an illegal act]," the government must "affirm or deny the occurrence of the alleged unlawful act." 18 U.S.C. 3504; In re Grand Jury _________________ Proceedings, 786 F.2d 3, 7 (1st Cir. 1986) (citing cases). ___________ The witness/contemnor contends that the government in this case failed to meet its burden of responding to the allegation. Alternatively, he asserts the district court erred in hearing testimony concerning the surveillance in __ camera. ______ A "purely conclusory denial" that an alleged unlawful act occurred is not an adequate response to a 3504 claim. In re Hodges, 524 F.2d 568, 570 (1st Cir. 1975). Rather, the ____________ government must show "that those responding were in a position, by first hand-knowledge or through inquiry, reasonably to ascertain whether or not relevant illegal activities took place." In re Quinn, 525 F.2d 222, 225 (1st ___________ Cir. 1975). Moreover, an adequate response "require[s] . . . that those conducting the grand jury proceeding affirm that they have no knowledge of and have not in any way employed other taps [than those revealed] in formulating lines of inquiry to be posed to the witness." In re Mintzer, 511 F.2d _____________ -3- 471, 472 n.2 (1st Cir. 1974). In other words, in an adequate response the government provides the court access to the relevant materials supporting all wiretaps which the government had or used concerning the witness. Id. at 473.  ___ In response to the 3504 claim, the government presented the sworn testimony of the case agent in charge of the investigation that all the information obtained about the witness/contemnor which was derived from electronic surveillance came from surveillance pursuant to a warrant already revealed to the district court. The district court itself affirmed that it had previously held the warrant lawful. The agent also swore that he had been responsible for all communications between the investigators and the prosecutor in this case. The agent was thus in a position reasonably to ascertain whether any illegal activities had taken place in the investigation. A subsequent affidavit requested by this court, see Grand Jury v. Gassiraro, 918 ___ __________ _________ F.2d 1013, 1016 (1st Cir. 1990), and submitted by the attorney in charge of the investigation, see id. at 1015 ___ __ (finding an affirmance by the attorney investigating and formulating the questions to the witness particularly significant) (citing cases), "put to rest any lingering doubt we had about the adequacy of [the] response," In re Tse, 748 _________ F.2d 722, 728 (1st Cir. 1984) (footnote omitted).  -4- Nor do we find any error in the district court decision to hear sworn testimony concerning the surveillance in __ camera. The district court has wide discretion in ______ determining whether or not to withhold the government's submissions concerning other surveillance from a witness who raises a 3504 claim, In re Doe, 988 F.2d at 214 n.3, and _________ similar in camera submissions have been approved by this __ ______ court, see, e.g., id.; In re Grand Jury Proceedings, 786 F.2d ___ ___ __ ____________________________ at 7. Having reviewed the submissions, we find no abuse of discretion in this case. The contempt order is affirmed. ________ -5-