**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Thomas Christopher MCDONALD, Defendant—Appellant.**

No. 05–30253.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided July 18, 2006.

Before: CANBY, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Thomas McDonald appeals the district court's denial, in part, of his pretrial mo- tion to suppress his September 20, 2002 statements "and all alleged evidence de- rived or otherwise obtained as a result of these statements" from his trial for con- spiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. After a hear- ing, the district court granted McDonald's motion as to McDonald's statements be- cause they were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but denied the motion as to "evidence obtained through independent sources," including the testi- mony of the government's five key wit- nesses.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

This court reviews for clear error the district court's application of the inevitable discovery and independent source doc- trines because, although mixed questions of law and fact, they are essentially factual inquiries. *See United States v. Reilly*, 224 F.3d 986, 994 (9th Cir.2000); *United States v. Montoya*, 45 F.3d 1286, 1295 (9th Cir. 1995).[2]

Assuming a link between McDonald's unMirandized statements and the testimo-

---

* This disposition is not appropriate for publica- tion and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

1. Because the parties are familiar with the factual and procedural history we do not in- clude them here except as necessary to ex- plain our disposition.

2. Because neither party has claimed other- wise, for purposes of this appeal we assume, without deciding, the fruit of the poisonous tree doctrine, *see Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), applies to evidence derived from McDonald's September 20, 2002, statement.

   While Judge Gould may be correct that the fruit of the poisonous tree doctrine does not apply to *Miranda* violations, neither the Su- preme Court nor the Ninth Circuit has pre- cisely so held. In *Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), the Supreme Court held the introduc- tion of the testimony of a witness discovered because of an unMirandized statement by the defendant did not violate the Fifth Amend- ment when the failure to administer *Miranda* warnings took place *before Miranda* was de- cided. *Id.* at 447, 86 S.Ct. 1602 ("We consid- er it significant to our decision in this case that the officers' failure to advise respondent of his right to appointed counsel occurred prior to the decision in Miranda. Although we have been urged to resolve the broad question of whether evidence derived from statements taken in violation of the Miranda rules must be excluded regardless of when the interrogation took place, we instead place our holding on a narrower ground."). In *Oregon v. Elstad*, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), the Supreme Court held where an initial confession was made volun- tarily but without *Miranda* warnings, and a second confession was made after the defen- dant received and waived his *Miranda* rights, the second confession was admissible not- withstanding the officers' failure to advise the defendant that the first confession could not

ny of each witness, the government interviewed each witness for reasons unrelated to, and had motivation to ask each witness about McDonald (including the showing of McDonald's picture) independent of, McDonald's unMirandized statements. Therefore, the district court did not clearly err in determining McDonald's unMirandized statements did not "tend significantly to direct the investigation toward the specific evidence sought to be suppressed." *United States v. Taheri,* 648 F.2d 598, 600 (9th Cir.1982) (quoting *United States v. Cales,* 493 F.2d 1215, 1216 (9th Cir.1974)).

AFFIRMED.

GOULD, J., concurring in judgment.

I concur in our court's judgment affirming the district court, but do so on a different rationale than that taken by the district court and by my colleagues. We consider McDonald's appeal of the district court's denial of his motion to suppress his custodial statements made without *Miranda* warnings, along with other evidence that he alleged was derived from his statements. The district court suppressed McDonald's incriminating statements but did not suppress the alleged derivative information, which the district court concluded was "obtained through independent sources." The majority affirms on its view that McDonald's statements did not direct

investigation to the other challenged evidence, that is, to the third party testimonial evidence incriminating McDonald.

I would affirm the district court on the grounds that, in *Michigan v. Tucker,* 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), the United States Supreme Court held that the introduction of testimony of a witness discovered because of a *Miranda* violation did not violate the Fifth Amendment. Similarly, in *Oregon v. Elstad,* 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), the Supreme Court held that the "fruit of the poisonous tree" doctrine did not apply to physical fruits of a *Miranda* violation. Notwithstanding a brief period of uncertainty on these precedents occasioned by the holding of *Dickerson v. United States,* 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000), that *Miranda* was constitutionally based and could not be changed by legislation, more recently in *United States v. Patane,* 542 U.S. 630, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004), the Supreme Court reaffirmed its prior precedents and said that "our decision not to apply *Wong Sun* to mere failures to give *Miranda* warnings was sound at the time *Tucker* and *Elstad* were decided, and we decline to apply *Wong Sun* to such failures now." *Id.* at 643, 124 S.Ct. 2620. The "fruit of the poisonous tree"

be used against him. In *United States v. Patane,* 542 U.S. 630, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004), the Court held that the failure to give the suspect *Miranda* warnings did not require suppression of the physical fruits of the unwarned statement. There was no majority opinion in *Patane,* however, and the concurrence that was essential to the result relied in part on "the important probative value of reliable physical evidence" and the doubt that its exclusion could "be justified by a deterrence rationale sensitive to both law enforcement interests and a suspect's rights during an in-custody interrogation." *Patane,* 542 U.S. at 645, 124 S.Ct. 2620 (concurring opinion). We cannot be certain whether the

concurring Justices would strike a different balance when the fruits of the unwarned statement were testimony of witnesses rather than physical evidence. Because the Supreme Court has yet to decide whether *Wong Sun* applies to the introduction of third party testimonial evidence discovered as a result of an unMirandized statement made after the *Miranda* decision, and because neither party has raised the issue, we, like the Supreme Court in *Michigan v. Tucker,* decline to so decide today. In addition, we note the record before this court is insufficient to determine whether McDonald's unMirandized statements were made voluntarily, as required by *Elstad* and *Patane.*

doctrine has no applicability to the evidence that McDonald urged was derived from his personal statements made without *Miranda* warnings. The question whether the fruits doctrine applies at all is logically antecedent to whether the challenged third-party testimony of several witnesses was indeed a "fruit," or instead was derived from an independent source or was the subject of inevitable discovery. Accordingly, I would affirm the district court on the grounds that *Wong Sun* and its principle of exclusion of fruits of constitutional violations do not apply to the challenged third-party testimonial evidence, even if that evidence was in fact obtained as a result of the *Miranda* violation and McDonald's statements. Given my view of this issue, I need not reach the questions of independent source and inevitable discovery.